**SIGNED this 23rd day of October, 2014**

_____ Shelley D. Rucker _____
Shelley D. Rucker
UNITED STATES BANKRUPTCY JUDGE

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TENNESSEE
SOUTHERN DIVISION

In re:

ANNA MARIE SWILLING,

        Debtor.

Case No. 13-12583
Chapter 13

Appearances:

Richard L. Banks, Richard Banks & Associates, P.C., Cleveland, Tennessee, for the Debtors

Kara L. West, Chattanooga, Tennessee, for the Chapter 13 Trustee

United States Bankruptcy Court
Judge Shelley D. Rucker

**MEMORANDUM**

The Debtor filed an Application for Additional Compensation for Non-Routine Services on July 8, 2014 related to "non-routine" objections to claims made by RJM Acquisitions LLC, Cavalry Investments LLC, Premier BankCard/Charter, and Resurgent

Capital Services, and the Trustee filed a Reply to the Application for Additional Compensation on the sole ground that the requested fees substantially eliminated any benefit to the estate realized by the disallowance of those claims.

After hearing argument on September 11, 2014 pertaining to seven such fee applications made by Debtor's counsel, the court has addressed whether the requested amount of fees is appropriate under the Sixth Circuit's lodestar analysis and whether the Trustee's objection is valid in a Memorandum Opinion filed in *In re Alexander*, Case No. 1:13-bk-13462 [Doc. No. 62]. After reviewing the pleadings filed and the record in the instant case, the court concludes, for the reasons outlined in its opinion in *In re Alexander,* that the Trustee's Objection will be overruled and that a fee in the amount of $1,143.04 will be awarded.

In support of its ruling, the court makes the following findings of fact and conclusions of law based on Fed. R. Bankr. P. 7052 made applicable to contested matters by Fed. R. Bankr. P. 9014. This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and § 157 (b)(2)(B).

### I.     FACTS

#### A.  DISCLOSURE OF COMPENSATION

The Debtor filed her Chapter 13 Petition on May 29, 2013.  [Case No. 13-12583, Doc. 1]. Also on May 29, 2013, Mr. Banks filed a Disclosure of Compensation of Attorney For Debtor, which listed the following as a "routine" service included in Debtor's $3,000 base fee: "Preparation, filing and prosecution of objections to untimely filed claims and objections to duplicate claims." [Doc. 5, at p. 1].  The Disclosure excepted certain services for which additional fees could be charged.  [Doc. 5, at p. 2]. These services included "non-routine claim objections." *Id.* The Debtor's attorney contends his services were provided for "non-routine

objections." No other contract executed pursuant to 11 U.S.C. § 528(a)(1) was offered as evidence that indicated the Debtor and her attorney had any different agreement as to what services would be provided for the base fee. The court awarded the fee of $3,000 in the confirmation order entered on June 28, 2013. [Doc. 22].

    B.  OBJECTIONS

        1.  <u>Objection to Claims #5, 6, & &</u>: *RJM Acquisitions LLC*

On June 18, 2013, RJM Acquisitions LLC ("RJM") filed claim nos. 5, 6, & 7 for $161.35, $92.35, and $241.38 respectively on the basis of "Club Purchases." [Docs. 5-1, 6-1, 7-1]. The proofs of claim indicate that the debts may have originated at "Fingerhut" and "Black Expressions Book Club," and do not indicate the most recent transactions with the Debtor. *Id.*

On October 21, 2013, Debtor objected on the grounds that "the claim and attachments did not reflect a date within six (6) years of the petition date" and that collection was time barred because of Tennessee's statute of limitations, Tenn. Code Ann. § 28-3-109. [Docs. 38, 39, 40]. The claims were, therefore, unenforceable against the Debtor under applicable non-bankruptcy law and should be disallowed under 11 U.S.C. § 502(b)(1). No response was filed and no representative of the creditor appeared at the hearing on the objection. Orders disallowing the claims entered on November 21, 2013. [Docs. 49, 50, 51].[1]

        2.  <u>Objection to Claim #11</u>: *Cavalry Investments LLC*

On July 1, 2013, Cavalry Investments LLC, assignee of Sprint, ("Cavalry") filed claim no. 11 for $178.71 on the basis of "Telephone Service." [Doc. 11-1]. The proof of claim indicates that the debt may have originated with one of a number of Sprint subsidiaries and indicates the most recent transactions with the Debtor was on September 18, 2006. *Id.*

---

[1] RJM attempted to withdraw claim nos. 5,6, & 7 [Docs. 42, 43, 44], and the court struck those purported withdrawals pursuant to Fed. R. Bankr. P. 3006.

On September 12, 2013, Debtor objected on the grounds that "the claim and attachments did not reflect a date within six (6) years of the petition date" and that collection was time barred because of Tennessee's statute of limitations, Tenn. Code Ann. § 28-3-109. [Doc. 29]. The claims were, therefore, unenforceable against the Debtor under applicable non-bankruptcy law and should be disallowed under 11 U.S.C. § 502(b)(1). No response was filed and no representative of the creditor appeared at the hearing on the objection. An Order disallowing the claim entered on October 18, 2013. [Doc. 33].

        3.    <u>Objection to Claim #14</u>: *Premier BankCard/Charter*

On July 9, 2013, Premier BankCard/Charter ("Premier") filed claim no. 14 for $260.67 on the basis of "Money loaned/credit card." [Doc. 14-1]. The proof of claim indicates neither the debt's origin nor the date of the most recent transaction with the Debtor. *Id.*

On December 16, 2013, Debtor objected on the grounds that "the claim and attachments did not reflect a date within six (6) years of the petition date" and that collection was time barred because of Tennessee's statute of limitations, Tenn. Code Ann. § 28-3-109. [Doc. 55]. The claims were, therefore, unenforceable against the Debtor under applicable non-bankruptcy law and should be disallowed under 11 U.S.C. § 502(b)(1). No response was filed and no representative of the creditor appeared at the hearing on the objection. An Order disallowing the claim entered on January 16, 2014. [Doc. 58].

        4.    <u>Objection to Claim #21</u>: *Resurgent Capital Services*

On September 12, 2013, Resurgent Capital Services, as agent for LVNV Funding LLC, assignee of MCI Communication Services, Inc. ("Resurgent"), filed claim no. 21 for $228.27 on the basis of something the creditor chose not to disclose. [Doc. 21-1]. The proof of claim does not indicate where the debt originated, but the "charge off" date is listed as December 26, 2004.

*Id.*

On September 12, 2013, Debtor objected on the grounds that "the claim and attachments did not reflect a date within six (6) years of the petition date" and that collection was time barred because of Tennessee's statute of limitations, Tenn. Code Ann. § 28-3-109. [Doc. 30]. The claims were, therefore, unenforceable against the Debtor under applicable non-bankruptcy law and should be disallowed under 11 U.S.C. § 502(b)(1). An Order disallowing the claim entered on October 18, 2013. [Doc. 34].

### C.  DEBTORS' SUPPLEMENTAL FEE APPLICATION

Debtor requests a total of $1,143.04 in attorney fees and expenses for 7.1 hours of legal work performed over a period of approximately five months from September 2013 to January of 2013. [Doc. 68, Ex. A]. Debtor's attorney and a paralegal spent one hour and eight-tenths (1.8) reviewing claims; one hours and one-tenth (1.1) filing objections; two hour and four-tenths (2.4) preparing for and attending hearings; eight-tenths of an hour (.8) reviewing received Orders; and one hour preparing the time sheets and for the additional fee application. *Id.* Debtor's attorney charged $300 per hour for two hours and five-tenths (2.5) of work, and his paralegal charged $75 per hour for four hours and six-tenths (4.6) of work. *Id.*

Debtors assert that the amount of fees and expenses requested, if allowed, may diminish the dividend paid to unsecured creditors proposed in the plan. *Id.*

### II.    ANALYSIS

In the *Alexander* opinion, the court analyzed the nature of the claims at issue, the amount of time necessary to object to such claims, potential benefits to the estate, changes to the law that have made those objections routine, and the reasonableness of Debtor's counsel's hourly rate. In keeping with that analysis for the case at bar, the court finds that the fees and expenses

represent a reasonable number of hours billed at a reasonable hourly rate for services that were necessary and beneficial, if only marginally. The services were performed primarily at a time prior to the Chapter 13 Trustee assuming the review and objections to stale claims. For the reasons stated in *In re Alexander,* the court will grant the Debtor's application.

      A separate order will enter.

# # #